1  Carolyn H. Cottrell (SBN 166977)
   Ori Edelstein (SBN 268145)
2  Kristabel Sandoval (SBN 323714)
   **SCHNEIDER WALLACE**
3  **COTTRELL KONECKY LLP**
   2000 Powell Street, Suite 1400
4  Emeryville, California 94608
   Telephone: (415) 421-7100
5  Facsimile: (415) 421-7105
   ccottrell@schneiderwallace.com
6  oedelstein@schneiderwallace.com
   ksandoval@schneiderwallace.com
7
   *Attorneys for Plaintiff and the Class*
8
                **UNITED STATES DISTRICT COURT**
9
                **NORTHERN DISTRICT OF CALIFORNIA**
10

11  JOANA RIOS LAGUNAS, on behalf of          Case No.: 3:23-cv-00654
    herself and the Class members,
12                                            **CLASS ACTION COMPLAINT FOR**
                                              **VIOLATIONS OF:**
13          *Plaintiff,*
                                              **(1) Failure to Pay for All Hours Worked**
14      vs.                                        **(Cal. Lab. Code § 204)**

15  YOUNG ADULT INSTITUTE, INC.; and         **(2) Failure to Pay Minimum Wages (Cal.**
    DOES 1 through 100, inclusive,                **Lab. Code §§ 1182.12, 1194, 1194.2,**
16                                                 **1197, 1197.1);**
            *Defendants.*
17                                            **(3) Failure to Pay Overtime Wages (Cal.**
                                                  **Lab. Code §§ 510, 1194);**
18
                                              **(4) Failure to Authorize and Permit and/or**
19                                                 **Make Available Meal Periods (Cal. Lab.**
                                                   **Code §§ 226.7 and 512);**
20
                                              **(5) Failure to Authorize and Permit and/or**
21                                                 **Make Available Rest Periods (Cal. Lab.**
                                                   **Code §§ 226.7);**
22
                                              **(6) Failure to Reimburse for Necessary**
23                                                 **Business Expenses (Cal. Labor Code §**
                                                   **2802);**
24
                                              **(7) Failure to Provide Timely and Accurate**
25                                                 **Itemized Wage Statements (Cal. Lab.**
                                                   **Code § 226);**
26
                                              **(8) Waiting Time Penalties (Cal. Lab. Code**
27                                                 **§§ 201-203);**

28                                            **(9) Unlawful Business Practices (Cal. Bus.**
                                                   **& Prof. Code §§ 17200, *et seq.*).**

                                              **JURY TRIAL DEMANDED**

---

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rios Lagunas v. Young Adult Institute, Inc.*

**INTRODUCTION**

1.  Plaintiff Joana Rios Lagunas ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Young Adult Institute, Inc. ("Defendant").

2.  Throughout the relevant time period, Plaintiff and putative Class members have been denied payment for all hours worked, including minimum wage and overtime payments. Additionally, they have been denied proper meal and rest breaks, and have been denied reimbursement for necessary business expenses.

3.  Plaintiff brings this class action to challenge Defendant's policies and practices of: (1) failing to compensate Plaintiff and Class members for all hours worked; (2) failing to pay Plaintiff and Class members all minimum wages owed; (3) failing to properly pay Plaintiff and Class members overtime wages; (4) failing to authorize and permit Plaintiff and Class members to take compliant meal and rest periods to which they are entitled by law, and failing to pay premiums for those missed meal and rest periods; (5) failing to reimburse Plaintiff and Class members for necessary business expenses; (6) failing to provide Plaintiff and Class members accurate, itemized wage statements; and (7) failing to timely pay all wages due upon separation from employment.

4.  As a result of the violations stated herein, Plaintiff, on behalf of herself and putative Class members, seeks compensation, damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

5.  Defendant is also liable for violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL").

6.  Finally, Plaintiff seeks reasonable attorneys' fees and costs under the Cal. Lab. Code and Cal. Code Civ. Proc. § 1021.5.

**SUBJECT MATTER JURISDICTION AND VENUE**

7.  At the time of the filing of this action, this Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy for Plaintiff's claims exceed the sum or value of $75,000.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391. Defendant employs

numerous workers, including Plaintiff, in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

9.    Plaintiff Joana Rios Lagunas is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

10.    Plaintiff was employed by Defendant as a Lead Registered Behavioral Technician from approximately November 30, 2021 to December 26, 2022, in Hollister, California.

11.    Plaintiff is informed, believes, and thereon alleges that Young Adult Institute is a New York corporation headquartered in New York, New York. Defendant is registered to do business in California.

12.    At all material times, Defendant has done business under the laws of California, has had places of business in California, including in this judicial district, and has employed Class members in this District and elsewhere throughout California. Defendant is a "person" as defined in Cal. Lab. Code § 18 and an "employer" as that term is used in the Cal. Lab. Code, the IWC Wage Orders regulating wages, hours, and working conditions, and the Cal. Bus. & Prof. Code § 17201.

**FACTUAL ALLEGATIONS**

13.    Defendant owns and operated facilities that specialize in serving people with intellectual and developmental disabilities. Defendant operates throughout California and employs hundreds of hourly, non-exempt workers in California.

14.    Plaintiff worked for Defendant as a Lead Registered Behavioral Technician in Hollister, California from approximately November 30, 2021 to December 26, 2022. Plaintiff's primary duties include, but were not limited to, assisting clients with showers; prepping clients for bed; preparing snacks; managing medication; preparing notes on intakes tracking sleep; and assisting clients with court appointments, hospital visits, and outings.

15.    Plaintiff was classified as an hourly, non-exempt employee and was paid an hourly rate of approximately $35 per hour.

16.    Although Plaintiff's shifts varied in length, Plaintiff was usually scheduled to work at least 10 hours per shift, often worked double shifts of 16 to 22 hours, and usually worked 4 shifts

per week.

17.    Plaintiff is informed, believes, and thereon alleges that Class members were and are employed by Defendant throughout California, including in this district, and perform work materially similar to Plaintiff. Defendant pays Class members, including Plaintiff, on an hourly rate basis.

18.    Class members are required to follow and abide by common work, time, and pay policies and procedures in the performance of their job duties.

19.    At the end of each pay period, Class members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

20.    As a matter of policy and/or practice, despite often working 10 or more hours per day, Plaintiff and Class members are not paid overtime for working more than 8 hours in a day as required by California law. Instead, Plaintiff and Class members are only paid overtime when working over 40 hours in a week.

21.    Moreover, Defendant fails to properly pay for all hours worked, including all minimum wages and overtime because Defendant routinely requires Plaintiff and Class members to perform work off-the-clock and without compensation. Defendant's policies and practices cause Plaintiff and Class members to have to work before and after their shifts, while they are not clocked in. Defendant requires Plaintiff and Class members to perform certain tasks, that when taken together, amount to more time that in allotted during each scheduled shift. Plaintiff and Class members often have to finish work-related tasks, debrief staff members, and wrap up conversations with patient while off-the-clock. Moreover, Plaintiff and Class members are required to attend weekly meetings of approximately one to one and one-half hours each, while off-the-clock. Plaintiff and Class members also performed the following duties while off-the-clock, for example, responding to patient crises, providing assistance to patients, and calling 911 or emergency services in emergency situations. Because this time spent working off-the-clock occurs during shifts when Plaintiff and Class members are working over eight hours, it should be paid at the overtime rate.

22.    Defendant also regularly fails to authorize and permit Plaintiff and Class members to take legally compliant meal and rest periods. Up until early December 2022, Plaintiff and Class

members were not provided with compliant meal periods because as a matter of policy and procedure they remained on the clock during their purported lunch break and were expected to continue working.

23.    Even after the change to Defendant's policies and procedures, Plaintiff and Class Members are still not provided legally compliant meal periods. Defendant's policies, practices, and procedures still require Plaintiff and Class members to routinely skip their meal and rest periods, take them late, or cut them short, yet do not provide them with requisite premium payments for missed meal and rest periods.

24.     When Plaintiff and Class members do attempt a meal period, they are not provided duty-free, uninterrupted, and timely thirty-minute meal periods during which they should be completely relieved of any duty, by the end of the fifth hour of work. Plaintiff and Class Members are also not provided a duty-free, uninterrupted, and timely second meal period by the tenth hour of work.

25.    Plaintiff and Class members are also required to remain on the premises during their meal periods. Plaintiff and Class members remain on duty during their whole shift.

26.    Further, Plaintiff and Class members are routinely denied compliant rest periods. Plaintiff and Class members regularly miss, work through, are interrupted during, or take late rest breaks.

27.    Despite these violations, Defendant fails to pay the required premium pay for all noncompliant meal and rest periods.

28.    Plaintiff is informed, believes, and thereon alleges that Defendant utilizes and applies these same meal and rest period policies and practices across all Defendant's facilities throughout California.

29.    Plaintiffs and Class members are also required to pay out of pocket for necessary business expenses accrued as a result of their work for Defendant, but they are not reimbursed for these expenses. For example, Plaintiff often arrived for her shift and noticed there were no groceries to feed the clients. As a result, she would be required to go to the grocery store to make the required purchases, and was not reimbursed for the same.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rios Lagunas v. Young Adult Institute, Inc.*

30.     Defendant's common course of wage-and-hour abuse also includes routinely failing to maintain true and accurate records of the hours worked by Plaintiff and Class members. In particular, Defendant fails to record the hours Plaintiff and Class members worked off-the-clock.

31.     As a result of the aforementioned violations, Plaintiff and Class members are provided with inaccurate wage statements as such statements do not include payment for all hours worked, including overtime and premium pay for missed meal and rest periods.

32.     Additionally, Plaintiff and Class Members did not receive all wages during employment and following separation from employment, including payment for time spent working off-the-clock and during meal periods, as well as premium payments for noncompliant meal periods, and rest periods.

33.     Class members are employed by Defendant and perform work materially similar to Plaintiff.

34.     Class members report to facilities owned, operated, or managed by Defendant to perform their jobs.

35.     Class members perform their jobs under Defendant's supervision using materials and technology approved and supplied by Defendant.

36.     Class members are required to follow and abide by Defendant's common work, time, and pay policies and procedures in the performance of their jobs.

37.     At the end of each pay period, Class members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

38.     Defendant pays Class members on an hourly rate basis.

39.     Defendant's method of paying Plaintiff and Class members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

40.     Defendant's unlawful conduct has been widespread, repeated, and consistent throughout Defendant's California facilities.

41.     Defendant knows or should know that its policies and practices are unlawful and unfair.

42.     Defendant's conduct is willful, carried out in bad faith, and causes significant

5

1    damages to non-exempt hourly employees in an amount to be determined at trial.

2                    **RULE 23 CLASS ACTION ALLEGATIONS**

3        43.    Plaintiff brings this case as a class action on behalf of herself and all others similarly

4    situated pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Class that Plaintiff seeks to represent is

5    defined as follows:

6        **All current and former hourly, non-exempt employees employed by Defendant**
         **in California any time starting four years prior to the filing of this Complaint**
7        **until resolution of this action ("Class").**

8        44.    This action has been brought and may properly be maintained as a class action

9    because there is a well-defined community of interest in the litigation and the proposed class is

10   easily ascertainable.

11       45.    **Numerosity**:  The potential members of the class are so numerous that joinder of all

12   the members of the Class is impracticable. Plaintiff is informed and believes that the number of

13   Class members exceeds 100. This volume makes bringing the claims of each individual member of

14   the class before this Court impracticable. Likewise, joining each individual member of the Class as

15   a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined

16   from Defendant's records, as will the compensation paid to each of them. As such, a class action is

17   a reasonable and practical means of resolving these claims. To require individual actions would

18   prejudice the Class and Defendant.

19       46.    **Commonality**:  There are questions of law and fact common to Plaintiff and the Class

20   that predominate over any questions affecting only individual members of the Class. These common

21   questions of law and fact include, but are not limited to:

22           i.    Whether Defendant fails to compensate Class members for all hours worked,

23                 including minimum wage and overtime compensation, in violation of the Cal.

24                 Lab. Code and Wage Orders;

25           ii.   Whether Defendant has a policy and/or practice of requiring Class members

26                 to be in the control of Defendant, spend time primarily for the benefit of

27                 Defendant, and work for Defendant off-the-clock and without compensation;

28           iii.  Whether Defendant has a policy and/or practice of failing to properly pay

1    overtime compensation, at either one and one-half times or double the regular

2    rate of pay, to Class members in violation of the Cal. Lab. Code and Wage

3    Orders;

4    iv.    Whether Defendant has a policy and or practice of failing to authorize and

5    permit, make available, and/or provide Class members with compliant meal

6    and rest periods to which they are entitled in violation of the Cal. Lab. Code

7    and Wage Orders;

8    v.    Whether Defendant has a policy and/or practice of failing to reimburse Class

9    members for all necessary business expenses, in violation of the Cal Lab.

10    Code;

11    vi.    Whether Defendant has a policy and/or practice of failing to provide Class

12    members with timely, accurate itemized wage statements in violation of the

13    Cal. Lab. Code and Wage Orders;

14    vii.    Whether Defendant fails to timely pay Class members for all wages owed

15    upon separation from employment.

16    viii.    Whether Defendant violates Cal. Bus. & Prof. Code §§ 17200, *et seq*., by any

17    of the above conduct: and

18    ix.    The proper formula for calculating restitution, damages, and penalties owed

19    to Plaintiff and the Class as alleged herein.

20    47.    **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendant's

21    common course of conduct in violation of law as alleged herein caused Plaintiff and Class members

22    to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of

23    and co-extensive with the claims of the Class.

24    48.    **Adequacy of Representation**: Plaintiff seeks relief for state law violations

25    perpetrated by Defendant. In that sense, Plaintiff does not have any conflicts of interest with other

26    Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing

27    Plaintiff is competent and experienced in litigating complex cases and large class actions, including

28    wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the

Class members.

49. **Superiority of Class Action**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

50. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

51. If each individual Class member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

52. Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

### FIRST CAUSE OF ACTION

**Failure to Pay for All Hours Worked**

**Pursuant to Cal. Lab. Code § 204**

**(On Behalf of the Class)**

53. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

54. Cal. Lab. Code § 204 provides in part that "all wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance

8

by the employer as the regular paydays."

55.    Cal. Lab. Code section 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

56.    Cal. Lab. Code section 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

57.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

58.    IWC Wage Order 5-2001(2)(G) define hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

59.    Defendant requires Plaintiff and Class members to work off-the-clock without compensation.

60.    In violation of California law, Defendant knowingly and willfully refuses to perform their obligations to provide Plaintiff and Class members with compensation for all time worked. Defendant regularly fails to track the time Plaintiff and Class members actually work and fail to compensate them for all hours worked.

61.    Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff and Class members' rights. Plaintiff and Class members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

62.    As a proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at time of trial.

63.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Rios Lagunas v. Young Adult Institute, Inc.*

**SECOND CAUSE OF ACTION**

**Failure to Pay Minimum Wages**

**Pursuant Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**

**(On Behalf of the Class)**

64.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

65.    During the applicable statutory period, Cal. Lab. Code §§ 1182.12 and 1197, and the Minimum Wage Order were in full force and effect, and required that Defendant's hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other basis, at the rate of twelve dollars ($12.00) per hour commencing January 1, 2019; at the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020; at the rate of fourteen dollars ($14.00) commencing January 1, 2021; at the rate of fifteen dollars ($15.00) per hour commencing January 2022; and at the rate of fifteen dollars and fifty cents ($15.50) commencing January 1, 2023.

66.    Cal. Lab. Code §1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

67.    IWC Wage Order 5-2001(2)(G) define hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

68.    Defendant maintains policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and Class members routinely work time off-the-clock without compensation for this time. For instance, Plaintiff and Class members are not compensated for time spent working before clocking in and after clocking out while responding to patient crises, providing assistance to patients, and calling 911 or emergency services in emergency situations. Plaintiff and Class members also often have to finish work-related tasks, debrief staff members, wrap up conversations

10

1   with patient while "off-the-clock," and attend meetings.

2       69.    As a direct and proximate result of the unlawful acts and/or omissions of Defendants,

3   Plaintiff and Class members have been deprived of minimum wages in an amount to be determined

4   at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon,

5   attorneys' fees, and costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2 and 1197.1.

6       70.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

7                    **THIRD CAUSE OF ACTION**

8                    **Failure to Pay Overtime Wages**

9                    **Pursuant to Cal. Lab. Code § 510**

10                   **(On Behalf of the Class)**

11      71.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

12  herein.

13      72.    Defendant does not properly compensate Plaintiff and Class members with the

14  appropriate overtime rate, as required by California law.

15      73.    Cal. Lab. Code § 510 provides, in pertinent part, that:

16  Eight hours of labor constitutes a day's work. Any work in excess of eight hours in
    one workday and any work in excess of 40 hours in any one workweek and the first
17  eight hours worked on the seventh day of work in any one workweek shall be
    compensated at the rate of no less than one and one-half times the regular rate of pay
18  for an employee. Any work in excess of 12 hours in one day shall be compensated at
    the rate of no less than twice the regular rate of pay for an employee. In addition, any
19  work in excess of eight hours on any seventh day of a workweek shall be compensated
    at the rate of no less than twice the regular rate of pay of an employee.
20

21      74.    The IWC Wage Order 5-2001(3)(A)(1) state:

22  The following overtime provisions are applicable … employees shall not be
    employed more than eight (8) hours in any workday or more than 40 hours
23  in any workweek unless the employee receives one and one-half (1 ½) times
    such employee's regular rate of pay for all hours worked over 40 hours in
24  the workweek. Eight (8) hours of labor constitutes a day's work.
    Employment beyond eight (8) hours in any workday or more than six (6)
25  days in any workweek is permissible provided the employee is compensated
    for such overtime at not less than: . . . One and one-half (1 ½) times the
26  employee's regular rate of pay for all hours worked in excess of eight (8)
    hours up to and including 12 hours in any workday, and for the first eight
27  (8) hours worked on the seventh (7th) consecutive day of work in a
    workweek; and … [d]ouble the employee's regular rate of pay for all hours
28

                                    11

worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

75.    Labor Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

76.    Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

77.    Defendant regularly requires Plaintiff and Class members to work in excess of eight (8) hours per days and/or forty (40) hours per week, but does not compensate them at the appropriate overtime rate for all this work. For instance, Plaintiff and Class members are as a matter of policy and procedure not paid for work in excess of 8 hours a day, and are only paid overtime when working over forty (40) hours a week. Additionally, Plaintiff and Class members do not receive overtime compensation for time spent working off-the-clock before clocking in and after clocking out when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

78.    Plaintiff and Class members work overtime hours for Defendant without being paid overtime premiums in violation of the Cal. Lab. Code, applicable IWC Wage Orders, and other applicable law.

79.    Defendant has knowingly and willfully refused to perform their obligation to provide Plaintiff and Class members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendant has damaged Plaintiff and Class members in amounts to be determined according to proof at time of trial.

80.    Defendant is liable to Plaintiff and Class members alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

81.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**Failure to Authorize and Permit and/or Make Available Meal Periods**

**Pursuant to Cal. Lab. Code §§ 226.7 and 512**

**(On Behalf of the Class)**

82.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

83.    Defendant routinely fails to authorize, permit and/or make available compliant meal periods to Plaintiff and Class members.

84.    Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Orders require Defendant to authorize and permit meal periods to its employees.  Cal. Lab. Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty minutes.

85.    Under Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.

86.    Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Orders.

87.    Despite these requirements, Defendant has knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and Class members the ability to take the meal to which they are entitled. Plaintiff and Class members were not provided with meal periods until approximately December 2022. Prior to that date, they were provided a lunch break during which they remained on the clock and were expected to continue working. Following December 2022, when Plaintiff and Class members do attempt to take their meal periods, such are often untimely, short, or interrupted.

13

88.   Plaintiff and Class Members are also not provided a duty-free, uninterrupted, and timely second meal period by the tenth hour of work. Plaintiff and Class members are required to remain on the premises during their meal periods. Plaintiff and Class members remain on duty during their whole shift.

89.   Plaintiff and Class members do not receive the requisite premium pay for their missed meal and rest periods as required by California law. Defendant fails to pay Plaintiff and Class members one (1) hour of pay for each day an off-duty meal period was denied.

90.   Defendant's conduct described herein violates Cal. Lab. Code §§ 226.7 and 512. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and Class members are entitled to compensation for the failure to authorize and permit and/or make available meal, plus interest, attorneys' fees, expenses, and costs of suit.

91.   As a proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at time of trial.

92.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION

**Failure to Authorize and Permit and/or Make Available Rest Periods**

**Pursuant to Cal. Lab. Code §§ 226.7**

**(On Behalf of the Class)**

93.   Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

94.   Defendant routinely fails to make rest periods available to Plaintiff and Class members. When available, if ever, their rest breaks are often not compliant. Instead, they are generally untimely, interrupted, and/or shortened.

95.   Plaintiff and Class members also do not receive premium pay for their missed rest breaks as required by California law.

96.   Cal. Lab. Code §§ 226.7 and the applicable Wage Orders require employers to authorize and permit non-exempt workers to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay non-exempt workers their full wages during those rest

periods. Unless the employee is relieved of all duty during the ten-minute rest period, the employee is considered "on duty" and the rest period is counted as time worked under the applicable Wage Orders.

97.    Under Cal. Lab. Code § 226.7(b) an employer must pay an employee denied a required rest period is required to pay one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

98.    Despite these requirements, Defendant knowingly and willfully refuses to perform its obligations to authorize and permit and/or make available to Plaintiff and Class members the ability to take compliant rest periods to which they are entitled. Defendant also fails to pay Plaintiff and Class members one hour of pay for each day Plaintiff and Class members are denied compliant rest periods. Defendant's conduct described herein violates Cal. Lab. Code § 226.7.

99.    Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and Class members are entitled to compensation for the failure to authorize and permit and/or make available rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

100.    As a proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at time of trial.

101.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**

**Failure to Reimburse for Necessary Business Expenditures**

**Pursuant to Cal. Lab. Code § 2802**

**(On Behalf of the Class)**

102.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

103.    Defendant does not reimburse Plaintiff and Class members for all necessary business expenditures and losses incurred in direct consequence of the discharge of their work duties.

104.    Cal. Lab. Code § 2802 provides, in relevant part:

An employer shall indemnify his or her employee for all necessary expenditures or

losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

105.    Defendant fails to provide Plaintiffs and Class members reimbursement for all necessary expenditures or losses incurred by Plaintiff and Class members in direct consequence of the discharge of their duties, or as a result of their obedience to the directions of Defendant. Defendant regularly requires Plaintiff and Class members to pay out-of-pocket expenses necessary to perform their daily work assignments.  For example, Plaintiff often arrived for her shift and noticed there were no groceries to feed the clients. As a result, she would be required to go to the grocery store to make the required purchases. However, Defendant does not reimburse their workers for these expenditures.

106.    As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

107.    Defendant is liable to Plaintiff and Class members for the unreimbursed expenses and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

108.    Wherefore, Plaintiff and Class members request relief as hereinafter provided.

**<u>SEVENTH CAUSE OF ACTION</u>**

**Failure to Provide Accurate Itemized Wage Statements**

**Pursuant to Cal. Lab. Code § 226**

**(On Behalf of the Class)**

109.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

110.    Defendant does not provide Plaintiff and Class members with accurate itemized wage statements as required by California law.

111.    Cal. Lab. Code § 226(a) provides that:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or

cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, … (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

112.    The IWC Wage Order also establishes this requirement. (*See* IWC Wage Order 5-2001(7).)

113.    Cal. Lab. Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

114.    Defendant does not provide timely, accurate itemized wage statements to Plaintiff and Class members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. The wage statements Defendant provides their employees, including Plaintiff and Class members, do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime. In addition, the wage statements Defendant provides do not include premium pay for missed meal periods and rest periods.

115.    Plaintiff and Class members seeks to recover actual damages, costs and attorneys' fees under this section.

116.    Defendant is liable to Plaintiff and the Class members for the amounts described above in addition to the civil penalties set forth below, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e).

117.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**<u>EIGHTH CAUSE OF ACTION</u>**

**Waiting Time Penalties**

**Pursuant to Cal. Lab. Code §§ 201-203**

**(On Behalf of the Class)**

118.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

119.    Defendant did not provide Plaintiff, and other Class members who left their employment with Defendant, with their wages when due under California law after their employment with Defendant ended.

120.    Cal. Lab. Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

121.    Cal. Lab. Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

122.    Cal. Lab. Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

123.    Plaintiff and some of the Class members left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendant, which went unrecorded and/or uncompensated, and premium payments for noncompliant meal periods and rest periods.

124.    Defendant willfully refuses and continues to refuse to pay Plaintiff and Class members all the wages that are due and owing to them for the work performed, including but not limited to, uncompensated off-the-clock and overtime, and time premium payments for missed meal and rest periods, upon the end of their employment. .  As a result of Defendant's actions, Plaintiff

1  and Class Members have suffered and continue to suffer substantial losses, including lost earnings,

2  and interest.

3      125.    Defendant's willful failure to pay Plaintiff and Class members the wages due and

4  owing them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendant is liable

5  to Plaintiff and proposed Class members for all penalties owing pursuant to Cal. Lab. Code §§ 201-

6  203.

7      126.    In addition, addition, Cal. Lab. Code § 203 provides that an employee's wages will

8  continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff

9  and Class members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

10     127.    Wherefore, Plaintiff and Class members request relief as hereinafter provided.

11                    **NINTH CAUSE OF ACTION**

12            **Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.***

13                    **(On Behalf of the Class)**

14     128.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

15  herein.

16     129.    Cal. Bus. & Prof. Code § 17200, *et seq.*, prohibits unfair competition in the form of

17  any unlawful, unfair, or fraudulent business acts or practices.

18     130.    Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts

19  or practices to prosecute a civil action for violation of the UCL.

20     131.    Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously

21  enforce minimum labor standards in order to ensure employees are not required to work under

22  substandard and unlawful conditions, and to protect employers who comply with the law from those

23  who attempt to gain competitive advantage at the expense of their workers by failing to comply

24  with minimum labor standards.

25     132.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years

26  prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by

27  the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described

28  in this Complaint, including, but not limited to:

a. violations of Cal. Lab. Code §§ 200, 204, 1194, 1198 and IWC Wage Order 5-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

b. violations of Cal. Lab. Code § 510 and IWC Wage Order 5-2001 pertaining to overtime;

c. violations of Cal. Lab. Code §§ 226.7 and 512 and Wage Order 5-2001 pertaining to meal and rest periods;

d. violations of Cal. Lab. Code §2802 pertaining to failure to reimburse all necessary business expenses;

e. violations of Cal. Lab. Code § 226 regarding accurate, timely itemized wage statements;

f. violations of Cal. Lab. Code §§ 201-203 pertaining to payment of all wages owed during employment and following separation from employment;

133. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

134. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. §§ 17200, *et seq.* Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

135. Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

136. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Class members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable to them.

137.    Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

138.     Plaintiff and Class members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated.  Plaintiff and Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

139.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

140.    There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from any recovery thereof.  Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc. § 1021.5 and otherwise.

141.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

a.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the Cal. Lab. Code and Cal. Bus. & Prof. Code;

b.    For a declaratory judgment that Defendant has violated the Cal. Lab. Code, California law, and public policy as alleged herein;

c.    For a declaratory judgment that Defendant has violated Cal. Bus. & Prof. Code §§ 17200, *et seq.*, as a result of the aforementioned violations of the Cal. Lab. Code;

d.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

e.    For an order awarding Plaintiff and Class members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, treble damages, punitive damages, and all other sums of money owed to Plaintiff and Class members, together with interest on

these amounts, according to proof;

f.    For an award of reasonable attorneys' fees as provided by the Cal. Lab. Code, including Cal. Code Civ. Proc. § 1021.5 and/or other applicable law;

g.    For all costs of suit;

h.    For interest as provided by applicable law; and

i.    For such other and further relief as this Court deems just and proper.

Dated: February 14, 2023                    Respectfully Submitted,

_____
Carolyn H. Cottrell
Ori Edelstein
Kristabel Sandoval
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

*Attorneys for Plaintiff and the Class*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: February 14, 2023                    Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein
Kristabel Sandoval
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

*Attorneys for Plaintiff and the Class*