UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANA RIOS LAGUNAS,<br><br>    Plaintiff,<br><br>    v.<br><br>YOUNG ADULT INSTITUTE, INC.,<br><br>    Defendant. | Case No. 23-cv-00654-RS<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

## I. INTRODUCTION

Plaintiff Joana Rios Lagunas filed this state-law wage and hour action on behalf of herself and employees who worked for Young Adult Institute, Inc. ("YAI"). YAI is a corporation that owns and operates facilities in California serving people with intellectual and developmental disabilities. The parties have now reached a proposed class action settlement resolving Plaintiff's class claims. Under its terms, Defendant will pay a non-reversionary settlement of $850,000.00 to the approximately 299 class members. Plaintiff also seeks certification of the Settlement Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The proposed settlement appears to be within the ambit of what is fair, reasonable, and adequate; therefore, subject to revisions being made to the proposed class notice, Plaintiff's motion for preliminary approval of the settlement is granted.

## II. BACKGROUND

Plaintiff filed this class action suit in February 2023. Plaintiff avers YAI failed to pay employees wages and overtime wages to which they were entitled, to pay employees for other off-

the-clock (but required) work, to reimburse employees for work-related expenses, to provide adequate meal and rest breaks, to provide adequate wage statements, to maintain adequate payroll records, and to provide sick pay. Before participating in mediation, the parties engaged in informal discovery. YAI produced documents, including time and pay records for class members, such that Plaintiff could determine the value of the class claims. The parties went to mediation on September 1, 2023, and shortly thereafter agreed to the arbitrator's proposed settlement on September 11, 2023.

The Settlement Class is defined as follows:

*"All current and former hourly, non-exempt employees who worked for Defendant in the state of California any time between February 14, 2019, and December 23, 2023."*[1]

Additionally, the group of class members entitled to Private Attorneys General Act ("PAGA") payments (the "Aggrieved Employees") are defined as follows:

*"All non-exempt employees for Defendant in California between January 29, 2022, and December 23, 2023."*

Under the terms of the proposed settlement, the Settlement Class stands to receive a gross settlement amount of $850,000.00, minus proposed attorney fees of $283,333.33 (33.3%), counsel's costs up to $12,000.00, settlement administration fees up to $12,000.00, a service award to the named Plaintiff of $10,000.00, and $20,000.00 in PAGA fees ($15,000.00, or 75%, in PAGA penalties to the Labor and Workforce Development Agency ("LWDA") and $5,000.00, or 25%, distributed to the Aggrieved Employees). Thus, Plaintiff represents the Net Settlement Amount for the 299 class members will be approximately $512,616.67, or about $1,714.60 per class member. Plaintiff plans, upon final approval, to distribute settlement checks to participating class members to be cashed within 180 days. If less than $25,000.00 in funds remains after this period, Plaintiff will distribute the remainder to *cy pres* recipient Centro Legal de La Raza. If more

---

[1] This definition (and the following definition) omits language about the date of preliminary approval, included in Plaintiff's motion, since December 23, 2023, is earlier than the date of preliminary approval.

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 23-cv-00654-RS
2

than $25,000.00 remains, that remainder will be distributed to class members who cashed their checks with leftover funds and otherwise sent to the *cy pres* recipient.[2]

In exchange for this monetary settlement, Plaintiff will agree to a general release of all claims she may have against the released parties through December 23, 2023. The class members will release "all claims that were raised in the Action and all claims that could have been brought based on the facts alleged in the Complaints, between February 14, 2019," and December 23, 2023. Dkt. 35, at 7. Importantly, this release does not include "claims for vested benefits, wrongful termination, violation of the Fair Employment and Housing Act, unemployment insurance, disability, social security, workers' compensation, or claims based on facts occurring outside the Class Period." Dkt. 35-2, at 7. The Aggrieved Employees will also release "PAGA claims that were or could have been brought based on the facts alleged in the Complaints or PAGA letter, between January 29, 2022," and December 23, 2023. Dkt. 35, at 7.

### III. LEGAL STANDARD

The Ninth Circuit maintains a "strong judicial policy that favors settlements" in class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Under Rule 23(e), parties may seek approval of classes "proposed to be certified for the purposes of settlement." Fed. R. Civ. P. 23(e). First, the proposed settlement class must meet the criteria for certification under Rule 23(a)—numerosity, commonality, typicality, and adequacy—as well as one of the Rule 23(b) categories. Here, Plaintiff relies on Rule 23(b)(3), which permits certification of a class where "questions of law or fact common to class members predominate over any questions affecting only individual members, and [where] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Under Rule 23(e), courts must also determine whether the settlement agreement is "fair,

---

[2] The motion for preliminary approval does not explicitly state that, for the <u>first</u> distribution of settlement checks, a skip-trace search will be performed to identify correct addresses for any checks returned as undeliverable. *See* Dkt. 35, at 6. Any motion for final approval of the proposed settlement should explain the efforts to be taken to identify correct addresses for the first distribution of checks should those checks be returned as undeliverable.

adequate, and reasonable to all concerned." *Uschold v. NSMG Shared Servs., LLC*, 333 F.R.D. 157, 169 (N.D. Cal. 2019). This requires assessing the following factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). The Northern District of California has adopted additional procedural guidance for evaluating proposed settlements.

Parties may seek approval of classes "proposed to be certified for the purposes of settlement." Fed. R. Civ. P. 23(e). When a settlement is negotiated before class certification, a district court has a heightened procedural burden to look for "evidence of collusion or other conflicts of interest." *In re Bluetooth*, 654 F.3d at 946. "Subtle signs" of collusion weighing against preliminary approval and for which district courts must look where settlement is reached before class certification include:

> (1) when counsel receive a disproportionate distribution of the settlement; (2) when the parties negotiate a 'clear sailing' arrangement (i.e., an arrangement where defendant will not object to a certain fee request by class counsel); and (3) when the parties create a reverter that returns unclaimed funds to the defendant.

*Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019) (cleaned up) (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015)).

Procedurally, parties must first seek preliminary approval of their settlement agreement. This step primarily evaluates whether "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 966 (N.D. Cal. 2019) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)). *But see Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1035–36 (N.D. Cal. 2016) (questioning

the rationale for conducting a "lax" inquiry at the preliminary approval stage). If preliminary approval is granted, notice is distributed to the class members and a final hearing is held to determine whether the settlement satisfies Rule 23(e)(2).

## IV. DISCUSSION

The proposed Settlement Class satisfies the Rule 23 requirements, and the Settlement Agreement appears within the ambit of what is fair, adequate, and reasonable. Preliminary approval is warranted subject to changes to the proposed class notice.

**A. Rule 23(a) and Rule 23(b) Requirements**

The Settlement Class meets the requirements of Rule 23(a). Plaintiff represents the class consists of 299 employees, which satisfies the numerosity requirement. Moreover, common questions relating to YAI's wage and hour practices exist, as YAI has common policies relating to overtime compensation, off-the-clock work requirements, and other work-related activities that affect all putative class members. Thus, commonality is satisfied. Plaintiff's claims are typical of the class claims because Plaintiff was subjected to the same allegedly unlawful wage and hour policies and practices as the other class members. Finally, Plaintiff (and counsel) satisfy the adequacy requirement. There are no apparent conflicts between the interests of Plaintiff, counsel, and those of the other class members, and Plaintiff and counsel share the other class members' interests in vigorously pursuing this case. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The proposed Settlement Class also meets the predominance and superiority requirements in Rule 23(b). Common questions predominate over individual ones; the class claims, for instance, revolve around YAI's application of its policies to all class members. The class device is a superior vehicle here given the hundreds of employees asserting claims and the limited relief available for each employee.

Classes certified under Rule 23(b)(3) must also receive the best notice practicable under the circumstances. This notice must clearly state:

    (i) the nature of the action;

    (ii) the definition of the class certified;

      (iii) the class claims, issues, or defenses;

      (iv) that a class member may enter an appearance through an attorney if the member so desires;

      (v) that the court will exclude from the class any member who requests exclusion;

      (vi) the time and manner for requesting exclusion; and

      (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Though the proposed class notice largely meets the requirements of Rule 23, it appears to be missing some required information and has other deficiencies. For instance, the notice does not inform class members they can enter an appearance through an attorney (as required by Rule 23), does not comply with the Northern District's Procedural Guidance for Class Action Settlements to the extent it requires that objections be sent to counsel in addition to the Court, fails to list all of the class claims being brought in the "What Is This Case About?" section, and appears to omit material at the bottom of page 3. Provided that these deficiencies are corrected before any notice is distributed, the class notice is otherwise acceptable.

### B. Fairness, Adequacy, and Reasonableness

#### 1. *Amount of Settlement and* Churchill *Factors*

The amount of a settlement is "perhaps the most important factor to consider" at this stage. *Cotter*, 176 F. Supp. 3d at 935. The Net Settlement Amount (the money that would go to class members) is about $512,616.67 ($1,714.60 per Class Member) assuming the requested 33.3% attorney fee award, which is 8.5% of what Plaintiff calculates to be YAI's total potential exposure of $6,006,623.00, and 12.9% of YAI's potential exposure when omitting the PAGA claims.[3] The Gross Settlement Amount, $850,000.00, is approximately 14.2% of YAI's calculated maximum exposure with the PAGA claims included and 21.4% of the maximum exposure with PAGA claims excluded.

---

[3] It is worth noting that were counsel to be awarded the Ninth Circuit benchmark for attorney fees—25%—instead of 33.3%, the Net Settlement Amount would be closer to 9.7% of the asserted maximum value of the class claims.

While not a particularly valuable settlement as a percentage of the total value of the class claims, this settlement falls within the range of what courts in this and other California federal Districts have been willing to accept. *See, e.g.*, *Viceral v. Mistras Grp., Inc.*, No. 15-cv-02198, 2016 WL 5907869, at *7–8 (N.D. Cal. Oct. 11, 2016) (preliminarily approving settlement worth 8.1% of the full verdict value); *cf. Cavazos v. Salas Concrete, Inc.*, No. 19-cv-00062, 2022 WL 2918361, at *5–6 (E.D. Cal. July 25, 2022) (concluding fund worth 5.8% of the value of non-PAGA claims below range of reasonableness). Likewise, the PAGA recovery under the proposed settlement ($20,000.00) is 2.4% of the Gross Settlement Amount, above the 1% threshold that many courts find inherently concerning. *See Haralson*, 383 F. Supp. 3d at 972–73.

The settlement appears fair given the challenges counsel represent could complicate the class certification process. For instance, the putative class members worked under various job titles at different facilities throughout California.[4] This fact could, in theory, pose issues at class certification. Counsel also point to the fact that fees and costs would be driven higher should the class claims need to be fully litigated rather than settled. Counsel would have to complete significant amounts of discovery, litigate potential motions to dismiss and for summary judgment, and take the claims to trial, where there would be no guarantee of success. Given these potential barriers to recovery on the class claims absent settlement, the proposed settlement secures sufficient value at this stage of analysis of the proposed settlement.

Thus, though counsel's pre-mediation discovery suggests they have a reasonably strong case, further litigation, class certification, and trial would pose serious risks and require significant expenditures (especially given that this litigation remains in an early stage). Counsel are highly experienced with wage and hour class actions. *See* Dkt. 35-1, at 1–6 (listing cases). Their judgment that this settlement represents a positive result for the proposed settlement class is

---

[4] Though counsel point to a "lack of documentary evidence and reliance on employee testimony" as a potential barrier to certification, counsel appear to rely solely on documentary evidence provided by YAI (and not employee testimony) in calculating the value of the class claims. Dkt. 35, at 17.

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 23-cv-00654-RS
7

entitled to some deference.

### 2. *No Other Serious Deficiencies*

Since Plaintiff is seeking certification of the settlement class for purposes of preliminary approval, it is necessary to search for signs of collusion between the parties. *See Roes, 1-2*, 944 F.3d at 1049. The proposed settlement was reached via arm's-length negotiations with an experienced mediator and does not appear to benefit any putative class members at the expense of others. Also weighing in favor of preliminary approval is that the proposed settlement is non-reversionary, which means unclaimed funds will not be returned to YAI. On the other hand, there is a clear-sailing provision under which YAI agreed not to object to counsel's requested 33.3% fee award. Such provisions, while not prohibited, are disfavored because they increase the risk counsel may have "bargained away something of value to the class" and "deprive[] the court of the advantages of the adversary process." *In re Bluetooth*, 654 F.3d at 948 (alteration in original). Additionally, the proposed release appears appropriate. Counsel represents the putative class members will release only those claims they did bring, or could have brought, based on the facts alleged in this class action.[5]

### 3. *Attorney Fee Request and Service Award*

It is difficult to evaluate the proposed fee award at this stage of the proceedings. Plaintiff seeks an attorney fee award of $283,333.33, or 33.3% of the total settlement amount. It is unclear why counsel would be entitled to a departure from the Ninth Circuit's 25% benchmark for fees in a common fund case. Counsel brought this case in 2023, the case does not appear to involve novel issues of law, and there is little other evidence that would appear to warrant such a high fee award. Counsel has not secured a particularly large recovery for the Class as a percentage of the maximum value of the class claims, whereas a 33.3% fee award falls at the high end of awards granted by courts in the Ninth Circuit. *See, e.g., Schwartz v. Cook*, No. 15-cv-3347, 2017 WL

---

[5] This is with the exception of the named Plaintiff, who will generally release all known and unknown claims.

2834115, at *5 (N.D. Cal. June 30, 2017). Nevertheless, this is not the stage at which attorney fees will be scrutinized. At final approval, counsel will be expected to provide evidence supporting their fee request. This evidence should include a lodestar calculation to serve as a cross-check per the Northern District's Procedural Guidelines for Class Action Settlements.

Finally, Plaintiff seeks a service award for her role in this litigation. $5,000.00 is a presumptively reasonable incentive award in the Northern District. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266–67 (N.D. Cal. 2015) (collecting cases). While Plaintiff seeks a $10,000.00 service award here, there is little specific information in the motion for preliminary approval explaining why departure from a presumptively reasonable $5,000.00 award is justified.

## V. CONCLUSION

Plaintiff has demonstrated that the Settlement Class may be certified under Rule 23(e) and that the proposed Settlement Agreement appears to fall within the parameters of what would be fair, adequate, and reasonable. As such, the motion is granted. The Court orders the following:

1. The proposed settlement is preliminarily approved, under the terms, definitions, and provisions expressed in the Settlement Agreement.
2. Pursuant to Rule 23(e), the proposed Settlement Class is preliminarily certified, with the Class Period running from February 14, 2019, through and including December 23, 2023.
3. Plaintiff Joana Rios Lagunas is preliminarily appointed Class Representative for the Settlement Class. Carolyn Hunt Cottrell and Ori Edelstein of Schneider Wallace Cottrell Konecky LLP are preliminarily appointed as Class Counsel for the same.
4. Phoenix Class Action Administration Solutions is appointed as Settlement Administrator.
5. The proposed Class Notice and the notice procedures outlined by the parties are approved, subject to the corrections noted in this Order. Notice shall be disseminated to the Settlement Class members pursuant to the relevant provisions of the Settlement Agreement.
6. A Final Approval Hearing is scheduled for Thursday, September 5, 2024. The motion

1   for final approval must be filed no later than 21 days prior to the Hearing.

2   7. The final implementation schedule is as follows:

| Event | Deadline |
|---|---|
| Date of preliminary approval | March 8, 2024 |
| Deadline for Defendant to provide Administrator with Class List (Settlement, ¶ 18(d)). | Within ten (10) business days after the Court's preliminary approval of the Settlement. |
| Deadline for Administrator to mail Settlement Notice to Class Members (Settlement, ¶ 18(f)). | Within ten (10) business days after receiving the Class List. |
| Notice Deadline (Settlement, ¶ 2(y)). | Sixty (60) days after the Settlement Notice is initially mailed to the Class Members and Aggrieved Employees. |
| Deadline to opt out of or object to Settlement or dispute workweeks (Settlement, ¶¶ 2(y), 19–21). | Sixty (60) days after the Settlement Notice is initially mailed to the Class. |
| Deadline for Administrator to provide counsel notice report. | Within ten (10) business days after the Notice Deadline. |
| Deadline for filing and uploading onto settlement website Motion for Attorneys' Fees and Costs, and for Service Award | No later than fifteen (15) days before the Notice Deadline |
| Deadline for filing of Final Approval Motion | No earlier than thirty (30) days after the Notice Deadline. |
| Effective Date (Settlement, ¶ 2(m)). | (i) If there is an objection to the settlement that is not subsequently withdrawn, then the date upon the expiration of time for appeal of the Court's Final Approval Order; or (ii) if there is a timely objection and appeal, then after such appeal is dismissed or the Court's Final Approval Order is affirmed on appeal; or (iii) If there are no timely objections to the settlement, or if any objections which were filed are withdrawn before the date of final approval, then the first business day after the Court's order granting Final Approval of the Settlement. |

| Deadline for Defendant to deposit Gross Settlement Amount (Settlement, ¶ 25). | Within ten (10) days of Effective Date. |
|---|---|
| Deadline for Administrator to make all payments due under the Settlement (Settlement, ¶¶ 26, 36). | Within twenty (20) days after the Effective Date or as soon as reasonably practicable. |
| Deadline for Administrator to provide Defendants' Counsel and Class Counsel, respectively, a report regarding the total amount of any funds that remain from checks that are returned as undeliverable or are not negotiated (Settlement, ¶¶ 18(k), 24). | Within ten (10) business days after conclusion of the 180-day check-cashing period. |
| Deadline for Administrator to provide written certification of completion of settlement administration (Settlement, ¶ 18(k)). | Upon completion of administration of the Settlement. |

**IT IS SO ORDERED**.

Dated: March 8, 2024

_____
RICHARD SEEBORG
Chief United States District Judge