UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANA RIOS LAGUNAS,<br><br>   Plaintiff,<br><br>   v.<br><br>YOUNG ADULT INSTITUTE, INC.,<br><br>   Defendant. | Case No. 23-cv-00654-RS<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

**SETTLEMENT APPROVAL**

The Motion for Final Approval of Class Action and PAGA Settlement ("Motion") filed by Plaintiff Joana Rios Lagunas came on for regularly scheduled hearing on September 5, 2024, at 1:30 p.m. Defendant did not oppose the Motion.

In her Complaint, Plaintiff avers that Defendant violates the wage-and-hour laws of California by failing to pay for all hours worked, in violation of Cal. Lab. Code § 204; failing to pay all minimum and overtime wages owed, in violation of Cal. Lab. Code §§ 510, 1182.12, 1194, 1194.2, 1197, and 1197.1); failing to provide legally compliant meal and rest periods, in violation of Cal. Lab. Code §§ 226.7 and 512; failing to reimburse business expenses, in violation of Cal. Lab. Code § 2802; failing to provide accurate, itemized wage statements, in violation of Cal. Lab. Code § 226, failing to timely pay all wages due upon separation from employment, in violation of Cal. Lab. Code §§ 201–03; failing to maintain accurate payroll records, in violation of Cal. Lab. Code § 1174(d); failing to provide sick pay, in violation of Cal. Lab. Code § 246; and engaging in

unlawful business practices, in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* Plaintiff also seeks PAGA penalties based on the above violations pursuant to Cal. Lab. Code §§ 2699(a) and 2699(f).

Specifically, Plaintiff avers that she and the Class Members and Aggrieved Employees often must finish work-related tasks, debrief staff members, and have conversations with patients while off the clock. Plaintiff avers that she and the Class Members and Aggrieved Employees are also required to attend weekly meetings of approximately one to one and one-half hours each week while off the clock. Plaintiff further avers that Defendant requires her and the Class Members and Aggrieved Employees to remain on-duty and subject to interruption during meal and rest breaks. Plaintiff also avers that Defendant fails to provide her and the Class Members and Aggrieved Employees with reimbursement for expenses incurred by them in direct consequence of the discharge of their duties or as a result of their obedience to Defendant's directions, including purchasing goods for clients when Defendant's goods have run out.

After informal discovery and investigation by Plaintiff's counsel, the parties participated in a full-day mediation session presided over by Steve Pearl, a respected mediator of wage-and-hour class actions. As a result of that mediation, on January 18, 2024, the parties reached a global settlement that resolves all claims in this action as to the 387 Class Members and Aggrieved Employees. The parties then extensively negotiated, drafted, and executed the Class Action and PAGA Settlement Agreement and Release ("Settlement") filed in the record at ECF No. 35-2.

Plaintiff filed an unopposed Motion for Preliminary Approval of Class Action and PAGA Settlement on February 1, 2024. (ECF No. 35). The motion was granted on March 8, 2024. (ECF No. 41). At issue is the last stage of the settlement approval process: final approval of the Settlement. Plaintiff has separately moved for approval of attorneys' fees and costs. (ECF No. 43).

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, it is ordered, adjudged, and decreed that:

1. The Court has jurisdiction over the claims of the Participating Class Members and Aggrieved Employees asserted in this proceeding and over all parties to the action.

2. Zero Class Members have objected to the Settlement and two Class Members have requested exclusion from the Settlement.

3. Final approval of the terms and conditions contained in the Settlement is granted, as to the Participating Class Members and Aggrieved Employees. The terms of the Settlement appear to be within the range of permissible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

4. (1) The settlement amount is fair and reasonable when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the parties. Accordingly, the Settlement was entered into in good faith.

5. The preliminary certification of the Class is made final, in accordance with the Settlement, for the purposes of this Settlement only. The Class is defined as all current and former hourly, non-exempt employees employed by Defendant in California any time between February 14, 2019 and December 23, 2023.

6. The Aggrieved Employees are defined as all current and former hourly, non-exempt employees employed by Defendant in California any time between January 29, 2022 and December 23, 2023.

7. SWCK is finally appointed as Class Counsel, and Plaintiff Joana Rios Lagunas is hereby finally appointed as the Class Representative.

8. The Notice of Class Action Settlement ("Class Notice") (ECF No. 35-2, pp. 27–33), as corrected pursuant to the March 8, 2024 Preliminary Approval Order, is approved and constituted the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Class Notice fully and accurately

1  informed the Class Members of all material elements of the proposed Settlement, of their right to
2  be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A
3  full opportunity has been afforded to the Class Members to participate in this hearing and all Class
4  Members and other persons wishing to be heard have been heard. Accordingly, all Class Members
5  who did not submit a request for exclusion are bound by this Final Approval Order and Judgment.

6  9. The appointment of Phoenix Class Action Administration Solutions ("Phoenix") as Settlement Administrator is confirmed and its reasonable administration costs of $12,000.00, which are to be paid from the Gross Settlement Amount, are approved.

9  10. Centro Legal de La Raza is approved as the *cy pres* recipient in the event there are funds remaining after distribution of the Settlement Awards.

11. Accordingly, **GOOD CAUSE APPEARING**, the following implementation schedule is **APPROVED.**

| 12. Event | Deadline |
|---|---|
| Final Approval Hearing (Settlement, ¶ 23). | September 5, 2024. |
| Effective Date (Settlement, ¶ 2(m)). | (i) If there is an objection to the settlement that is not subsequently withdrawn, then the date upon the expiration of time for appeal of the Court's Final Approval Order; or (ii) if there is a timely objection and appeal, then after such appeal is dismissed or the Court's Final Approval Order is affirmed on appeal; or (iii) if there are no timely objections to the settlement, or if any objections which were filed are withdrawn before the date of final approval, then the first business day after the Court's order granting Final Approval of the Settlement. |
| Deadline for Defendant to deposit Gross Settlement Amount (Settlement, ¶ 25). | Within ten (10) days of Effective Date. |
| Deadline for Administrator to make all payments due under the Settlement (Settlement, ¶¶ 26, 36). | Within twenty (20) days after the Effective Date or as soon as reasonably practicable. |
| Check-cashing deadline (Settlement, ¶¶ 18(c), 39). | 180 days from mailing. |
| Deadline for Administrator to send reminder letters to those who have not negotiated their checks (Settlement, ¶ 38). | 90 days before check-cashing deadline. |

| Deadline for Administrator to provide Defendants' Counsel and Class Counsel, respectively, a report regarding the total amount of any funds that remain from checks that are returned as undeliverable or are not negotiated (Settlement, ¶¶ 18(k), 24). | Within ten (10) business days after conclusion of the 180-day check-cashing period. |
|---|---|
| Deadline to distribute remaining monies to *cy pres* beneficiary (Settlement, ¶ 39). | At the conclusion of the 180-day check-cashing period. |
| Deadline for Administrator to file post-distribution accounting (Settlement, ¶ 18(c)). | Within twenty-one (21) days after distribution of any remaining monies to Participating Class Members, Aggrieved Employees, and/or the *cy pres* beneficiary. |
| Deadline for Administrator to provide written certification of completion of settlement administration (Settlement, ¶ 18(k)). | Upon completion of administration of the Settlement. |

13. It is further ORDERED that, pending a further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed.

14. With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are barred as of the Effective Date.

15. All of the Participating Class Members and Aggrieved Employees, as applicable, are permanently enjoined from pursuing, or seeking to reopen, any Released Claims (as defined in the Settlement at Paragraph 15) against Defendant or any of the Released Parties (as defined in the Settlement at Paragraph 2(ff)) as of the Effective Date.

16. The above-captioned Action is dismissed with prejudice and **JUDGMENT IS ENTERED** consistent with the Settlement and this Order to dismiss the Action. Accordingly, it is **HEREBY ORDERED, ADJUDGED, AND DECREED** that all Participating Class Members and all Aggrieved Employees, as applicable, are permanently enjoined and barred from prosecuting against any Released Claims (as defined in the Settlement at Paragraph 15) against Defendant or any of the Released Parties (as defined in the Settlement at Paragraph 2(ff)) as of the Effective Date.

17. The Court shall retain jurisdiction to enforce the terms of the Settlement.

**ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**

Having reviewed the papers and documents presented, having heard statement by counsel, and having considered the matter, it is hereby **ORDERED** as follows:

1. The Court has jurisdiction over the claims of the Class Members and Aggrieved Employees asserted in this proceeding and over all Parties in this action.

2. Notice to the Class, including information regarding the requested award of attorneys' fees and costs, was directed to Class Members in a reasonable manner, and complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

3. Class Members have been given the opportunity to object in compliance with Fed. R. Civ. P. 23(h)(2). No Class Member has objected to the requested fees and expenses and service awards.

4. No Class Member has objected to the requested fees and expenses and service awards.

5. Though Class Counsel request a 33% attorney fee award, a 30% fee award is more appropriate given the Ninth Circuit's 25% benchmark for attorneys' fees in common fund settlements. Based on a Gross Settlement amount of $850,000, Class Counsel are entitled to $255,000. The $28,333.33 differential between Class Counsel's requested fees and the fees awarded will be distributed to the Class Members according to the parties' pro rata distribution plan.

6. This award is reasonable under both applicable law, and in light of the contingent risk, factual and legal risks, Class Counsel's documented lodestar, the nature of the case, and result reached for the Class.

7. Class Counsel are entitled to recover the out-of-pocket costs and litigation expenses they reasonably incurred in investigating, prosecuting, and settling this case. Class Counsel's out-of-pocket costs and expenses of $10,804.38 are documented, reasonable, and necessary to the prosecution of this action, in light of the nature of the case, the vigorousness of Defendants' legal defense, the motion practice, amount of documentary evidence, and the mediation and arms'

length negotiations necessary to achieve the settlement.

8. Attorneys' fees for 30% of the Gross Settlement Amount, in the amount of $255,000, are **GRANTED** to Class Counsel.

9. The reimbursement of costs in the amount of $10,804.38 is **GRANTED** to Class Counsel.

10. The service award in the amount of $10,000.00 is **GRANTED** to Plaintiff Joana Rios Laguna.

11. The Payments so ordered shall by paid from the Gross Settlement Amount.

**IT IS SO ORDERED**.

Dated: September 5, 2024

RICHARD SEEBORG
Chief United States District Judge